**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN L. FELDER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY OFFICE OF | : | |
| SERVICES FOR THE AGING; | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| CIVIL SERVICE COMMISSION; and | : | |
| LOCAL UNION No. 115, INTERNATIONAL | : | NO. 08-4182 |
| BROTHERHOOD OF TEAMSTERS | : | |

**MEMORANDUM RE:**
**MOTIONS TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS**

Baylson, J.                                                                      July 28, 2009

## I.    Facts and Procedural History

On September 19, 2008, Plaintiff, pro se, filed a Complaint, which appears to assert

employment discrimination claims and seek $20 million in damages.  (Doc. 4)  However, the

Complaint, hand-written on a standard form provided by the Clerk's office, contains little factual

information and is often difficult to read.  From what this Court can discern, Plaintiff alleges that

"[t]here was no due process on my behalf, rules were broken by management, the work

environment became very hostile, black male were [sic] treat [sic] differently than female

worker."  Plaintiff further alleges that "the union did not provide any support for the workers."

Plaintiff named as Defendants the County Office Serving Aging (subsequently identified as the

Delaware County Office of Services for the Aging), Local Union Brotherhood of Teamsters

(subsequently identified as Local Union No. 115, International Brotherhood of Teamsters), and

the Commonwealth of Pennsylvania (subsequently identified as the Commonwealth of

-1-

Pennsylvania Civil Service Commission).

Prior to starting this action, Plaintiff had pursued his administrative remedies against the Delaware County Office of Services for the Aging (the "Office of Aging"). Plaintiff attached to his Complaint a right to sue letter issued by the Equal Employment Opportunity Commission, granting Plaintiff the right to institute a civil action against the Office of Aging under Title I of the Americans with Disabilities Act. Plaintiff also attached the Charge of Discrimination he had filed with the Pennsylvania Human Relations Commission, which names the "Delaware County Office on Aging" as the discriminating employer and asserts that Plaintiff was discriminated against on account of sex, age, and disability. In the Charge, Plaintiff describes that his female supervisor treated him, and other men, differently from female employees by speaking in a condescending and demeaning manner. Plaintiff also asserts in the Charge that his supervisor discriminated against him because of his neck and back impairment by refusing to provide a special chair. Neither the right to sue letter nor the Charge of Discrimination mentions either of the other two defendants.

Despite referring Plaintiff's case to the Plaintiff's Employment Panel (Doc. 2), Plaintiff was ordered to proceed pro se after several volunteer attorney members of the Panel rejected his case (Doc. 5). Plaintiff served the Office of Aging on March 18, 2009, (Doc. 12). He also served Defendant Commonwealth of Pennsylvania Civil Service Commission (the "Commission") on May 18, 2009, (Doc. 21), and then served Defendant Local Union No. 115 (the "Union") on May 26, 2009, (Doc. 22). The Office of Aging filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), arguing that Defendant's Complaint lacks substantial facts to support a cause of action. (Doc. 18). The Office of Aging asked this Court to either dismiss the

Complaint or order Plaintiff to file a more specific pleading under Rule 12(e).  The Commission

similarly filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6), asserting

sovereign immunity as a bar to this action.  (Doc. 20).  Finally, the Union answered the

Complaint (Doc. 31) and then filed a Motion for Judgment on the Pleadings (Doc. 32) on the

grounds that this Court lacks subject matter jurisdiction over an allegation of improper conduct

by a union.  According to the Union, jurisdiction over such allegations is exclusively vested in

the Pennsylvania Public Employee Relations Act ("PERA"), 43 P.S. § 1101.101, et seq.  The

Union also argued that Plaintiff had failed to exhaust his administrative remedies against the

Union.  In accordance with this Court's June 5, 2009 Order, (Doc. 23), Plaintiff responded to the

Motions and filed additional information supporting his claim.  (Doc. 33).

## II.   <u>Defendants' Motions</u>

### A.   <u>Delaware County Office of Services for the Aging's Motion to Dismiss</u>

The Office of Aging argues that Plaintiff's Complaint must be dismissed because it lacks

sufficient facts to support a cause of action, as it does not allege specifically who participated in

the alleged wrongdoing or discriminatory acts.  In the alternative, the Office of Aging requests

this Court direct Plaintiff to file a more specific pleading under Rule 12(e).  When deciding a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only

to the facts alleged in the complaint and its attachments.  <u>Jordan v. Fox, Rothschild, O'Brien &
Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded

allegations in the complaint and view them in the light most favorable to the plaintiff.

<u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). "At the same time, this Court must construe the pleadings of pro se plaintiffs liberally, as they are generally held to 'less stringent standards than formal pleadings drafted by lawyers.'" Douglas v. Pension Benefit Guar. Corp., 2008 WL 2805604, at *3 (E.D. Pa. July, 18, 2008) (Baylson, J.) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Here, Plaintiff filed his Complaint on a standard pro se form provided by the District Court. That form provides Plaintiff with exactly seven lines to describe the specific facts supporting his claim; Plaintiff utilized every line and added three additional lines at the bottom of the form. Although Plaintiff did not name any individuals in his Complaint, Plaintiff attached to his Complaint the Charge of Discrimination previously filed with the Pennsylvania Human Rights Commission, which did name specific individuals. Furthermore, Plaintiff filed additional documents (Doc. 7), in which he named specific witnesses and more fully described his

allegations of gender and disability discrimination against his supervisor.  In his Response to the

Motions, Plaintiff attached similar documents that provide additional details and facts supporting

his claim.

Given Plaintiff's pro se status, this Court will consider the factual allegations in these

supporting documents when considering the Motion to Dismiss Plaintiff's Complaint.  It would

be unfair to allow a Plaintiff to file a pro se Complaint on the standard form, which provides

minimal room for elaboration on the factual issues, and then dismiss Plaintiff's Complaint under

Rule 8 for failure to provide more factual allegations.  This is particularly true here, where

Plaintiff has provided a number of supporting documents from which this Court, and the Office

of Aging, can discern the gist of Plaintiff's employment discrimination claim as well as the

individuals involved.  The main purpose of Rule 8 is to ensure that the defendants are put on

notice as to the claims brought against them so that they can prepare an adequate response.  Here,

the Office of Aging, a government body with access to legal resources, can prepare an Answer

and start discovery based on the Complaint and other documents provided by the pro se Plaintiff.

Thus, this Court denies Office of Aging's Motion to Dismiss.  However, this Court reminds

Plaintiff that he must conduct discovery and that to survive any future dispositive motions,

Plaintiff must produce specific factual evidence, admissible under the Rules of Evidence,

supporting his allegations.

**B.** **Commonwealth of Pennsylvania Civil Service Commission's Motion to Dismiss**

The Commission moved for dismissal under Fed. R. Civ. P. 12(b)(1) on the grounds that

this Court lacks subject matter jurisdiction.  Specifically, the Commission argues that the

doctrine of sovereign immunity, as embodied in the Eleventh Amendment, shields it from liability.  A 12(b)(1) motion to dismiss based on the Eleventh Amendment is considered a facial attack, and therefore the Court may only take into account the allegations in the Complaint, in the light most favorable to the plaintiff.  Merriweather ex rel. Walker v. City of Philadelphia, 2007 WL 1463304, at *3 (E.D. Pa. May 17, 2007) (DuBois, J).  However, the plaintiff bears the burden of demonstrating this Court's subject matter jurisdiction.  Id. (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir.1993)).  Alternatively, the Commission moves for dismissal under Fed. R. Civ. P. 12(b)(6), asserting that the Complaint does not meet the standards for pleading under Fed. R. Civ. P. 8.

Plaintiff's Complaint does not identify a specific cause of action against the Commission, nor does it allege specific improper conduct from which a cause of action can be easily inferred.  However, in the additional materials Plaintiff submitted to this Court, Plaintiff mentions that the Commission refused to issue subpoenas for key witnesses Plaintiff hoped to present during a hearing regarding his employment with the Office of Aging.  In those materials, Plaintiff explained that "the odds [were] stacked against me" and that, as a result, he left before the hearing was finished.  Plaintiff then complains that "[t]hey carried on the hearing without me and concluded my case without full due process by the state of Pennsylvania."  (Doc. 8, pg. 2).  As noted above, the Court will consider these documents along with the Complaint.  Liberally construing all these assertions in favor of the pro se Plaintiff, the Complaint is best construed as alleging a constitutional due process violation pursuant to 42 U.S.C. § 1983.

Under Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), a state and its agencies are not considered a "person" for purposes of a claim under § 1983.  Thus, a state or its

agencies cannot be sued for retrospective relief through § 1983.  Neither party has disputed that

the Commission is a state agency.  To the extent that Plaintiff relies on § 1983 to assert his

claims, Plaintiff's Complaint is therefore barred by Will, regardless of whether the Commission

is entitled to sovereign immunity.  See Arizonans for Official English v. Arizona, 520 U.S. 43,

69 (1997) (explaining that the barrier to a § 1983 suit against a state " was not . . . Eleventh

Amendment immunity, which the state could waive" but "[t]he stopper was that § 1983 creates

no remedy against a state.")

Still, because the Commission's argument relies heavily on its Eleventh Amendment

immunity and because this Court's analysis under Will assumes Plaintiff brought his claim

pursuant to § 1983, the Court will also consider the immunity issues.  Under the Eleventh

Amendment, a state generally cannot be sued in federal court.  Seminole Tribe of Florida v.

Florida, 517 U.S. 44 (1996) ("For over a century we have reaffirmed that federal jurisdiction over

suits against unconsenting States 'was not contemplated by the Constitution when establishing

the judicial power of the United States.'" (quoting Hans v. Louisiana, 134 U.S. 1 (1890))).  The

Supreme Court has extended this immunity to state agencies.  See, e.g., Idaho v. Coeur d'Alene

Tribe of Idaho, 521 U.S. 261 (2008) (holding suit against state officials and agencies is barred by

the Eleventh Amendment); see also Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429

(1997) ("It has long been settled that the reference to action "against one of the United States" [in

the Eleventh Amendment] encompasses not only actions in which a state is actually named as the

defendant, but also certain actions against state agents and state instrumentalities.").

 Whether a state entity should be "treated as an arm of the state," and therefore entitled to

invoke Eleventh Amendment immunity, "depends, at least in part, upon the nature of the entity

created by state law." Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977).  "'When

the action is in essence one for the recovery of money from the state, the state is the real,

substantial party in interest and is entitled to invoke its sovereign immunity fro suit . . . .'"

Regents, 519 U.S. at 429 (quoting Ford Motor Co. v. Dept. of Treasury of Ind., 323 U.S. 464,

459 (1945)).  Again, Plaintiff has not disputed that the Commission is an agency or other "arm of

the State," and thus the Commission is entitled to invoke the Eleventh Amendment.

      Despite this protection, "[t]here are two ways a state may lose its Eleventh Amendment

immunity: Congress can explicitly abrogate it in a particular statute, or a state can waive it with

regard to a particular statute."  Fitzptrick v.  Pa. Dept. of Transportation, 40 F. Supp. 2d 631, 634

(E.D. Pa. 1999); see also Koslow v. Pennsylvania., 302 F.3d 161, 168 (3d Cir. 2002).  Generally,

Congress can abrogate a state's sovereign immunity through a proper exercise of its legislative

power under § 5 of the Fourteenth Amendment.  U.S. v. Georgia, 546 U.S. 151, 158-59 (2006).

However, the Supreme Court has specifically determined that 42 U.S.C. § 1983 does not

abrogate a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332, 341 (1979).

Similarly, Pennsylvania has explicitly withheld consent to suit under § 1983.  42 Pa. C.S. §

8521(b).  General waivers of sovereign immunity are insufficient to authorize a suit against the

state.  Fla. Dept. of Health v. Fla. Nursing Home Ass'n, 450 U.S. 147 (1981).

      Therefore, even absent the doctrine in Will, Plaintiff cannot rely on § 1983 to assert its

claims against the Commission because the Commission is entitled to sovereign immunity.

Plaintiff has not identified any other cause of action, besides § 1983, for his due process claim

that would defeat a sovereign immunity defense.  Plaintiff has not specified a cause of action,

authorized by Congress pursuant to its § 5 power, that would allow Plaintiff to bring a due

process claim, nor has Plaintiff pointed the Court to any indication that the state has consented to

this type of suit.  Thus, as Plaintiff's action against the Commission appears to be based on §

1983 and Plaintiff has not offered any alternative cause of action that would abrogate the state's

sovereign immunity, this Court must conclude that Plaintiff's suit against the State Civil Service

Commission is barred under the doctrine of <u>Will</u> and the  Eleventh Amendment.[1]

### C.     <u>Local Union No. 115's Motion for Judgment on the Pleadings</u>

The Union argues that this Court should grant its Motion for Judgment on the pleadings

because this Court lacks subject matter jurisdiction and because Plaintiff failed to exhaust his

claims against the Union.  Since this Court agrees with the Union as to jurisdiction, it will not

reach the exhaustion argument.  The court may only grant a motion under Federal Rule of Civil

Procedure 12(c) if "'the movant clearly establishes that no material issues of fact remains to be

resolved and that he is entitled to judgment as a matter of law."  <u>Nesmith v. Independence Blue</u>

<u>Cross</u>, 2004 WL 253524, at *3 (E.D. Pa. Feb. 10, 2004) (quoting <u>Corestates Bank, N.A. v. Huls</u>

<u>Am., Inc.</u>, 176 F.3d 187, 193 (3d Cir. 1999)).  The Court must also accept as true all well-

pleaded allegations in the complaint and view them in the light most favorable to the nonmoving

party.  <u>Consol. Rail Corp. v. Portlight Inc.</u>, 188 F.3d 93, 94 (3d Cir. 1999).  As in a 12(b)(6)

motion, the Court may look only to the facts alleged in the complaint and its attachments.  Jordan

---

[1]As a practical matter, although Plaintiff cannot bring his claims against the Commission in federal court, Plaintiff may be able to have his complaints addressed through the appellate process developed by the state of Pennsylvania in the Civil Service Act, 71 P.S. §§ 741.1, et seq., and elaborated upon by the Rules of the Civil Service Commission, 4 Pa. Code § 91.1, et seq. For specific information on reconsideration and appeal, <u>see</u> 71 P.S. § 741.951; 2 Pa. C.S.A. § 702; and 4 Pa. Code § 105.17.  Rather than collaterally attacking the state proceeding in federal court, Plaintiff should contact the Commission about the appropriate course of action to challenge his adjudication.

v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  Again, Plaintiff

bears the burden of demonstrating this Court's subject matter jurisdiction.  Merriweather, 2007

WL 1463304, at *3.

According to the Complaint and the additional materials filed by Plaintiff, Plaintiff's

employment with the Office of Aging, a public agency, was governed by a collective bargaining

agreement entered into between Delaware County and the Union, which represented Plaintiff.

PERA governs the relationship of public employees, their employers, and any representatives of

the employees.  Under PERA, 43 P.S. § 1101.1301, the Pennsylvania Labor Relations Board

("PLRB") has exclusive power to prevent persons from engaging in unfair labor practices, which

are identified in Article XII of the Act, 43 P.S. § 1101.1201.  In Hollinger v. Dept. of Public

Welfare, the Pennsylvania Supreme Court construed the exclusive jurisdiction awarded in that

statute to apply to determinations of whether an unfair labor practice had occurred.  365 A.2d

1245, 1249 (Pa. 1976).  The Court held, "Thus, if a party directly seeks redress of conduct which

arguably constitutes one of the unfair labor practices listed in Article XII (Section 1201) of the

PERA . . ., jurisdiction to determine whether an unfair labor practice has indeed occurred and, if

so, to prevent a party from continuing the practice is in the PLRB, and nowhere else."  Id.

Section 1201(b), identifying the specific acts constituting unfair labor practices, applies to

"employe organizations, their agents, or representatives," such as unions.  Plaintiff's Complaint

does not provide much detail on the exact nature of Plaintiff's claim against the Union, asserting

only that the Union failed to provide support.  In his response to the Motions to Dismiss, Plaintiff

further explains that although he requested assistance from union leaders at a company meeting,

he received no such help, and that the Union did not intervene when he was allegedly discharged

without the required seventy-two hour notice.[2]  Though Plaintiff does not elaborate further on the

nature of his claim, his allegation that the Union acted improperly can reasonably be interpreted

as "seeking redress of conduct which arguably constitutes one of the unfair labor practices" listed

in § 1201.  Hollinger, 365 A.2d at 1249; cf. Sellers v. Local 1598, 600 F. Supp. 1205, 1212-13

(E.D. Pa. 1984) (finding that the Court lacked jurisdiction under PERA where the plaintiff

alleged that the union engaged in unfair labor practices by refusing to allow her representation by

her own counsel at any stage of the grievance procedure); Veerasingham v. Sharp, 434 A.2d 221,

223 (Pa. Commw. 1981) (holding that whether union wrongfully refused to submit the plaintiff's

grievance to arbitration was within the PLRB's exclusive jurisdiction to address claims of unfair

labor practices under §§ 1201 and 1301).

      In Lindenbaum v. City of Philadelphia, the court similarly found that although the

plaintiffs provided "little assistance . . . as to the specific nature of their claim under PERA," the

court could construe the claims as assertions of unfair labor practice within the exclusive

jurisdiction of the PLRB.  584 F. Supp. 1190, 1201 (E.D. Pa. 1984).  The court emphasized that

"'the legislature, in enacting PERA was making a conscious effort to remove labor disputes from

the judicial arena until all other possibilities for the resolution of the dispute had been

exhausted.'"  Id. (quoting Cook v. Commonwealth, 432 A.2d 1139, 1141 (Pa. Commw. 1981)).

Given the purpose of PERA and the strong holding in Hollinger favoring the PLRB, this Court is

---

[2]Despite these allegations of failure to provide support, Plaintiff has attached to his Response various emails and letters from Mr. Frank Gallagher, the apparent "Shop Steward" from the local union.  Mr. Gallagher's emails to Plaintiff appear to give Plaintiff advice on how to pursue his claim.  Moreover, Mr. Gallagher appears to have sent a letter on Plaintiff's behalf to the Director of Labor Relations of Delaware County, requesting Plaintiff be reinstated.  However, these documents also seem to have been edited by Plaintiff, who adds his own comments into the text, so it is difficult to determine the original nature of the documents.

not inclined under the present circumstances to exercise jurisdiction over a claim more appropriately brought before the PLRB.[3]  Thus, this Court grants the Union's motion for judgment on the pleadings due to lack of subject matter jurisdiction.

**III.    <u>Conclusion</u>**

Therefore, this Court denies Defendant Delaware County Office of Services for the Aging's Motion to Dismiss for failure to provide factual allegations.  However, this Court will grant Defendant Pennsylvania Civil Service Commission's Motion to Dismiss and Defendant Local Union # 115's Motion for Judgment on the Pleadings, both based on lack of subject matter jurisdiction.

An appropriate Order follows.

O:\CIVIL 07-08\08-4182 Felder v. Del Co\Felder - Memo MTD.wpd

---

[3]The Pennsylvania Supreme Court noted in <u>Hollinger</u> that the PERA bar to jurisdiction does not apply to causes of action brought to enforce a contract.  365 A.2d at 1249 n.10 and 1250.  However, Plaintiff's language in this case is not framed in breach of contract terms and is more easily interpreted as suggesting that the Union engaged in unfair conduct by not providing support for his case.